# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5762 | **DATE** | 3/13/2003 |
| **CASE TITLE** | FEDERAL TRADE COMMISSION vs. BAY AREA BUSINESS COUNCIL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at_____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Bay Vacations' motion to dismiss and alternative motion for summary judgment are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 14 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 86 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 MAR 13 PM 5:53 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 5762 |
| v. ) | |
| ) | Judge John W. Darrah |
| BAY AREA BUSINESS COUNCIL, INC.; ) | |
| BAY AREA BUSINESS COUNCIL CUSTOMER ) | |
| SERVICE CORP.; ) | |
| AMERICAN LEISURE CARD CORP.; ) | |
| BAY MEMBERSHIPS, INC.; BAY ) | |
| VACATIONS, INC.; SR. MARKETING ) | |
| CONSULTANTS, INC.; SPECIAL ) | |
| TECHNOLOGIES, INC.; ) | |
| PETER J. PORCELLI, II; ) | |
| CHRISTOPHER TOMASULO; and ) | |
| BONNIE A. HARRIS, ) | |
| ) | |
| Defendants. ) | |

DOCKETED MAR 1 4 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Federal Trade Commission ("FTC"), brought suit against Defendants, Bay Area Business Council, Inc.; Bay Area Business Council Customer Service Corp.; American Leisure Card Corp.; Bay Memberships, Inc.; Bay Vacations, Inc.; Sr. Marketing Consultants, Inc.; Special Technologies, Inc.; Peter J. Porcelli, II; Christopher Tomasulo; and Bonnie A. Harris (collectively "Defendants"), alleging violations of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and violations of the FTC's Telemarketing Sales Rule, 16 C.F.R. § 310.3(a). Presently before the Court is Bay Vacations, Inc.'s Motion to Dismiss or alternatively,

1



Motion for Summary Judgment[1] based on lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

In reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the allegations in the complaint are to be taken as true, unless controverted by the defendants in affidavits or other materials submitted by the parties. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); *O'Hare Int'l Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir. 1971). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court reviews all facts alleged in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

For the purposes of this Motion to Dismiss, the following allegations are taken as true.

Since at least June 2000, Defendants, acting directly or through their employees and agents, have solicited consumers by telephone throughout the United States and Canada, promising to provide credit cards to consumers in exchange for an advance fee, typically ranging from $169.95 to $499.00. During most of these telephone calls, Defendants offer to provide consumers with an unsecured MasterCard, with no security deposit, regardless of the consumer's credit history. The Defendants tell the consumer that he or she is pre-approved for the credit card and assure the consumer that, if he or she pays the required fee, the consumer will receive the credit card. In the phone calls, Defendants persuade the consumer to divulge their checking account information, including their name as it appears on the account, the account number, and the bank routing

---

[1] Bay Vacation invites the Court to treat the Motion to Dismiss as a Motion for Summary Judgment if the Court determines that such conversion is required. However, converting the Motion to Dismiss to a Motion for Summary Judgment is not required under the facts of this case and at this stage of litigation.

information. Defendants then routinely debit the bank accounts of the consumer but do not provide them with the promised unsecured MasterCard credit card. Instead, in many instances, Defendants provide consumers with a "temporary card" bearing the MasterCard logo and the name "Bay Area Business Council," with a telephone number to call to "activate" the card. When the consumer calls to activate the card, they are told that they must send an additional amount plus a "security deposit" to receive an actual credit card and that the card can only be used if the consumer deposits sufficient sums of money to pay for purchases made with the card. Additionally, Defendants continue to withdraw a "fee" of $10 per month from the consumer's bank accounts without authorization to do so. Defendants also tell the consumer that as an additional benefit to their credit card, Defendants will provide consumers with such things as a "free" vacation package, free internet telephone long distance service, a household protection plan, and gasoline discount coupons. In many instances, the consumer is then billed $50 to $100 monthly for these "free" benefits by companies that sell such products.

Defendant Bay Vacations, Inc. ("Bay Vacations"), asserts that because it has not transacted any business in this forum, this Court lacks personal jurisdiction over it. The FTC Act provides for service of process "on any person, partnership, or corporation, wherever it may be found." 15 U.S.C. § 53(b). When a federal statute provides for nationwide service of process, as the FTC Act does, personal jurisdiction may be obtained over any defendant having minimum contacts with the United States as a whole. *United Rope Distribs. v. Seatriumph Marine Corp.*, 930 F.2d 532, 534 (7th Cir. 1991). Bay Vacations states in its own Motion to Dismiss that it is "a Florida corporation with its principal place of business in Florida." Thus, Bay Vacations has minimum contacts with the United States and is subject to personal jurisdiction in this Court. Accordingly, Bay Vacations, Inc.'s

3

Motion to Dismiss for lack of personal jurisdiction is denied.

Bay Vacations also seeks to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. A defendant prevails on a motion to dismiss for failure to state a claim upon which relief can be granted only if the plaintiff could show no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The FTC alleges one count of deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and three counts of violations of the FTC's Telemarketing Sales Rule, 16 C.F.R. §§ 310.3(a)(1)(i), 310.3(a)(2)(iii), 310.3(a)(4). Clearly, facts could be proven to demonstrate each of these, and each would be a violation of federal law.

Bay Vacations argues that the FTC nonetheless fails to state a claim because, in a separate Motion to Add Defendants to Receivership Entities, the FTC acknowledged that Bay Vacations has only been in existence since July 2002 and, therefore, implicitly conceded that Bay Vacations could not possibly have been involved in activities alleged in the complaint that occurred prior to that time. The Motion to Add Defendants to Receivership Entities alleges that Bay Vacations was "set up in July 2002 to drain assets from Bay Area Business Council, Inc. and American Leisure Card Corp. and to bill consumers for the same product sold by those companies." Bay Vacations' arguments pointing to this other Motion fails. The Motion to Add Defendants to Receivership Entities only provides Bay Vacations with more specific information about the facts being alleged against it; the Motion to Add Defendants to Receivership Entities does not contradict Plaintiff's Amended Complaint.

Therefore, Bay Vacations' Motion to Dismiss for failure to state a claim upon which relief can be granted is denied.

For the reasons stated above, Bay Vacations' Motion to Dismiss and alternative Motion for Summary Judgment are denied.

Dated: March 13, 2003

JOHN W. DARRAH
United States District Judge