# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5762 | **DATE** | 4/30/2003 |
| **CASE TITLE** | FEDERAL TRADE COMMISSION vs. BAY AREA BUSINESS COUNCIL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 5/29/03 at 9:00 a.m. Enter Memorandum Opinion And Order. FTC's motion to dismiss counterclaim and to strike affirmative defenses is granted.

(11) ■ [For further detail see order attached to the original minute order.]

Document Number: 90

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FEDERAL TRADE COMMISSION, )
)
    Plaintiff, )
) Case No. 02 C 5762
    v. )
) Honorable John W. Darrah
BAY AREA BUSINESS COUNCIL, )
INC., a Florida corporation; BAY AREA )
BUSINESS COUNCIL CUSTOMER SERVICE )
CORP., a Florida corporation; AMERICAN )
LEISURE CARD CORP., a Florida )
corporation; PETER J. PORCELLI, II, )
individually and as an officer or director of the )
corporate defendants; CHRISTOPHER )
TOMASULO, individually and as an officer or )
director of the corporate defendants; BONNIE )
HARRIS, individually and as an officer or )
director of the corporate defendants; BAY )
MEMBERSHIPS, INC., a Florida corporation; )
BAY VACATIONS, INC., a Florida corporation;)
SR. MARKETING CONSULTANTS, INC., a )
Florida corporation; SPECIAL )
TECHNOLOGIES, INC., a Florida )
corporation, )
)
    Defendants. )
_____)

DOCKETED MAY 01 2003

-1-

90

BAY AREA BUSINESS COUNCIL, )
INC., a Florida corporation; BAY AREA )
BUSINESS COUNCIL CUSTOMER SERVICE )
CORP., a Florida corporation; AMERICAN )
LEISURE CARD CORP., a Florida )
corporation; PETER J. PORCELLI, II, )
individually and as an officer or director of the )
corporate defendants; BONNIE HARRIS, )
individually and as an officer or director of the )
corporate defendants, )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　Counter-Plaintiffs, 　　　　　　　　 )　　　　　**02C 5762**
　　　　　　　　　　　　　　　　　　　　　 )
　　　　v.　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
FEDERAL TRADE COMMISSION, 　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )　　　　DOCKETED
　　　　Counter-Defendant.　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　　　　　　MAY 0 1 2003

## MEMORANDUM OPINION AND ORDER

The Federal Trade Commission ("FTC") filed a three-count complaint for injunctive and equitable relief against Defendants, Bay Area Business Council, Inc.; Bay Area Business Council Customer Service Corp.; American Leisure Card Corp.; Peter Porcelli, II ; Christopher Tomasulo; and Bonnie Harris (collectively "the Initial Defendants"), alleging violations of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled, "The Telemarketing Sales Rule," 16 C.F.R. Pt. 310. Subsequently, the FTC filed an amended complaint for injunctive and equitable relief, adding the following Defendants, Bay Memberships, Inc.; Bay Vacations, Inc.; Sr. Marketing Consultants, Inc.; and Special Technologies, Inc. (collectively "the Added Defendants").

The Initial and Added Defendants filed answers, pleading several affirmative defenses. The Initial Defendants also pled a counterclaim against the FTC, seeking a declaratory judgment. The

90

FTC moves to strike the Initial Defendants' and Added Defendants' affirmative defenses and to dismiss the Initial Defendants' counterclaim. For the reasons that follow, the FTC's Motion to Dismiss Counterclaim and to Strike Affirmative Defenses is granted.

A party must set forth affirmative defenses in a responsive pleading. Fed.R.Civ.P. 8(c). "[T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike affirmative defenses are generally disfavored because they potentially serve only to cause delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, an affirmative defense should be stricken when it is clearly mistitled or redundant. *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000).

Affirmative defenses must comply with the pleading requirements of Rule 8. *Heller Fin., Inc.*, 883 F.2d at 1294. Thus, affirmative defenses must set forth "a short plain statement". Fed.R.Civ.P. 8(a). "[A]n allegation must include either direct or inferential allegations respecting all material elements of the claim asserted. . . . Bare legal conclusions attached to narrated facts will not suffice." *Renalds*, 119 F. Supp. 2d at 802 (internal citations omitted).

Affirmative defenses must also comply with the requirements of Rule 12(b)(6). *See Renalds*, 119 F. Supp. 2d at 802. The court will accept all factual allegations as true and draw all reasonable inferences in favor of the pleader. *Renalds*, 119 F. Supp. 2d at 802. However, an affirmative defense must be dismissed if it appears beyond a doubt that the pleader can prove no set of facts in support of its claim that would entitle it to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The FTC moves to strike the Initial Defendants' and Added Defendants' first affirmative defenses, which state that "Plaintiff fails to state a claim upon which relief can be granted." This

defense merely recites that standard for dismissal under Rule 12(b)(6) and fails to indicate how that standard is connected to the present case. Such bare conclusory allegations are insufficient to establish that the Initial and Added Defendants are entitled to relief. *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982). Therefore, the Initial Defendants' and Added Defendants first affirmative defenses are stricken.

The FTC moves to strike the Initial Defendants' second affirmative defense of improper venue and their third affirmative defense of lack of personal jurisdiction. On October 2, 2002, the Initial Defendants stipulated that this Court had jurisdiction over the parties and that venue was proper in the Northern District of Illinois. (*See* Stipulated Order for Prelim. Inj. Asset Freeze & Other Relief as to Defs. Bay Area Bus. Council, Inc.; Bay Area Bus. Council Customer Serv. Corp.; Am. Leisure Card Corp.; Peter J. Porcelli, II; and Bonnie Harris, Findings 1, 2.) Therefore, the Initial Defendants' second and third affirmative defenses are stricken.

The FTC also moves to strike the Added Defendants' second affirmative defense of improper venue and their third affirmative defense of lack of personal jurisdiction. The Added Defendants can prove no set of facts that would entitle them to relief on these grounds. The FTC Act provides, in pertinent part, that:

> Any suit may be brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under section 1391 of Title 28. In addition, the court may, if the court determines that the interests of justice require that any other person, partnership, or corporation should be a party in such suit, cause such other person, partnership, or corporation to be added as a party without regard to whether venue is otherwise proper in the district in which the suit is brought. In any suit under this section, process may be served on any person, partnership, or corporation wherever it may be found.

15 U.S.C. § 53(b). Section 53(b) provides for nationwide service of process, which means that this

Court will have personal jurisdiction over the Added Defendants if there is a nexus between them and the United States. *See Fitzsimmons v. Barton*, 589 F.2d 330, 332 (7th Cir. 1979). In their Answer, the Added Defendants admit that they are corporations located in Florida. Thus, there is a nexus between the Added Defendants and the United States, and this Court has personal jurisdiction over them. Under § 1391(c), corporate defendants are deemed to reside wherever they are subject to personal jurisdiction. Section 1391(b) provides that venue is proper where any defendant resides if all defendants reside in the same state. Here, since the Added Defendants are subject to personal jurisdiction in the Northern District of Illinois, they are deemed to reside in the Northern District of Illinois; and venue is proper in this district. Therefore, the Added Defendants' second and third affirmative defenses are stricken.

The Initial Defendants' fourth affirmative defense is that the FTC's claim for permanent injunctive relief is barred because Bay Area Business Council is no longer engaged in sales of stored value MasterCards. The Initial Defendants' fifth affirmative defense is that the relief requested by the FTC is overly broad and unauthorized by the FTC Act and the Telemarketing Sales Rule. These defenses contain impermissible conclusory statements. "Moreover, [the Initial Defendants] ha[ve] already put these matters in issue by denying certain allegations in [their] answer, and [they] not only need not but cannot raise these matters again via an affirmative defense." *Renalds*, 119 F. Supp. 2d at 804. Therefore, the Initial Defendants' fourth and fifth affirmative defenses are stricken.

Similarly, the Added Defendants' fifth, sixth and seventh affirmative defenses are stricken because they are pled elsewhere in their Answer. Their fifth affirmative defense states that the Court lacks jurisdiction over Bay Memberships because it was not incorporated until July 2002 and, therefore, could not have performed the acts which are alleged to have brought it within the Court's

jurisdiction. Their sixth affirmative defense states that the FTC's claim for permanent injunctive relief against Bay Memberships is barred because Bay Memberships was incorporated in July 2002 and, therefore, could not have performed the acts alleged in the amended complaint. Their seventh affirmative defense states that the relief requested by the FTC is overly broad and unauthorized by the FTC Act and the Telemarketing Sales Rule. The Added Defendants have already put these matters in issue by denying certain allegations of the complaint; and, thus, these matters cannot be pled as affirmative defenses. *Renalds*, 119 F. Supp. 2d at 804. Therefore, the Added Defendants' fifth, sixth, and seventh affirmative defenses are stricken.

The Added Defendants' fourth affirmative defense states, "This Court lacks jurisdiction over . . . Defendants to the extent that the FTC's claims for relief are barred by the automatic stay of the U.S. Bankruptcy Code." In addition to enumerating possible affirmative defenses, Rule 8(c) also provides that an affirmative defense is "any other matter constituting an avoidance . . . ." If true, the Added Defendants' fourth affirmative defense states "matter constituting an avoidance" of the action and, therefore, would state a proper affirmative defense under Rule 8(c). However, the filing of a bankruptcy petition does not stay "an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police or regulatory power," 11 U.S.C. § 362(b)(4); and the Added Defendant' fourth affirmative defense is stricken on that basis.

As an unnumbered affirmative defense, the Initial Defendants' and Added Defendants' Answers state, "Defendants reserve the right to add other affirmative defenses as this matter continues." This is an improper affirmative defense. It is not listed in Rule 8(c) as an affirmative defense; and, pursuant to Rule 15(a), only the Court may grant leave to amend pleadings. Therefore, this affirmative defense is also stricken.

Similarly, the Added Defendants' "preliminary statement" that the FTC's action is barred by the automatic stay provisions of the Bankruptcy Code is stricken as an incorrect statement of the law. *Renalds*, 119 F. Supp. 2d at 806. As was noted above, filing a bankruptcy petition does not stay actions or proceedings by governmental units to enforce their police or regulatory power. § 362(b)(4). The Added Defendants assert in their response that, while the Bankruptcy Code may not stay the FTC's action, the Bankruptcy Code does limit the type of relief that may be sought. However, that is not what is pled in the "preliminary statement". Therefore, the "preliminary statement" is stricken.

The FTC also moves to dismiss the Initial Defendants' Counterclaim ("the Counterclaim") because it merely restates issues already before the Court. The Counterclaim seeks a declaration that (1) Bay Area Business Council and Bay Area Business Council Customer Service did not engage in deceptive acts or practices in violation of the FTC Act or the Telemarketing Sales Rule and that injunctive relief is inappropriate because Bay Area Business Council is no longer engaging in the marketing of stored value MasterCards (Count I); (2) American Leisure Card did not engage in deceptive acts or practices in violation of the FTC Act or the Telemarketing Sales Rule (Count II); and (3) Porcelli and Harris cannot be found individually liable for violating the FTC Act or the Telemarketing Sales Rule because Bay Area Business Council, Bay Area Business Council Customer Service, and American Leisure Card cannot be found liable for violating the FTC Act or the Telemarketing Sales Rule (Count III).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether

or not further relief is or could be sought." 28 U.S.C. § 2201 (2001). A declaratory judgment is appropriate when it "will clarify and settle the disputed legal relationships and afford relief from the uncertainty and controversy that created the issues". *Nucor Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994) (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir 1987)). A court should address the following five considerations:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*";
> (4) whether the use of a declaratory judgment action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Nucor Corp.*, 28 F.3d at 579 (citing *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991) (citations omitted)). However, "federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction." *Tempco Elec. Heater Corp.*, 819 F.2d at 747.

> "The purposes of declaratory judgments are to 'clarify[] and settl[e] the legal relations at issue' and to 'terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.'" . . . Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action "serve[s] no useful purpose" because the controversy has "ripened" and the uncertainty and anticipation of litigation are alleviated.

*Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002) (quoting *Tempco Elec. Heater Corp.*, 819 F.2d at 749).

Here, the substantive suit would resolve the issues raised by the Initial Defendants' Counterclaim. Whether Bay Area Business Council, Bay Area Business Council Customer Service,

-8-

or American Leisure Card engaged in deceptive acts or practices which violated the FTC Act or the Telemarketing Sales Rule will be resolved in the litigation of the FTC's complaint. Whether injunctive relief is appropriate will be resolved in the substantive litigation. Finally, whether Porcelli and Harris are individually liable will also be resolved in the substantive litigation. The controversy has "ripened", and there is no uncertainty. Furthermore, the substantive litigation clarifies and settles the legal relations among the parties. Thus, the declaratory judgment action serves no useful purpose. *Amari*, 219 F. Supp. 2d at 944. The Initial Defendants will not be inconvenienced by the dismissal of their Counterclaim because they will be defending, rather than prosecuting, the claims. Therefore, the Counterclaim is dismissed.

## CONCLUSION

For the reasons stated above, the FTC's Motion to Dismiss Counterclaim and to Strike Affirmative Defenses is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: April 30, 2003